UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                                    Case No. 1-03-CR-73-03

          Plaintiff,                                         Hon. Richard Alan Enslen

     v.

PABLO REYES,

                                                             **OPINION**

          Defendant.                    /

This matter is before the Court on Defendant Pablo Reyes' Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Motion is opposed by the United States of America.

## I.     BACKGROUND

On June 23, 2005, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii). On October 11, 2005, the Court sentenced Defendant to a custody term of 121 months, followed by five years of supervised release. Defendant's sentence was reduced from a Total Offense Level of 36, Criminal History Category of IV, with a guideline range of 262 to 327 months to a Total Offense Level of 29, Criminal History Category of IV, with a guideline range of 121 to 151 months. Defendant did not appeal his conviction. On July 20, 2006, Defendant filed this motion.

## II.    CONTROLLING STANDARDS

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum

authorized by law; or (4) his sentence is otherwise subject to collateral attack.  In order to prevail

upon a section 2255 motion, the petitioner "must allege one of three bases [of error]: (1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*,

323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.

2001)).  This being Defendant's first collateral attack on his Judgment *via* section 2255, his Motion

is properly before this Court.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III. ANALYSIS

Defendant has moved to vacate, set aside, or correct his sentence on the grounds (1) he was

denied effective assistance of counsel in violation of the Sixth Amendment and (2) the Court failed

to adhere to Federal Rule of Criminal Procedure 32 and therefore violated his right to due process.

In opposing Defendant's section 2255 motion, the government contends that Defendant has

procedurally defaulted both of his claims, or in the alternative that counsel was not constitutionally

deficient and the Court did not violate Defendant's rights under Rule 32.

A.      *Procedural Default*

As noted, Defendant did not appeal the claims contained in his section 2255 Motion.

Ordinarily, claims not raised on direct appeal may not be raised through collateral review, *i.e.*, they

are procedurally defaulted, unless Defendant shows: (1) cause for his failure and prejudice, or (2)

that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States*

*v. Frady*, 456 U.S. 152, 167-68 (1982). Procedural default is a judicial device that effects significant

economies on the Court while respecting the interest of comity and finality.  *Massaro v. United*

*States*, 538 U.S. 500, 504 (2003).

However, procedural default does not serve these ends when a criminal defendant brings an ineffective assistance of counsel claim on direct appeal, and the Supreme Court held that "the better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255." *Id.*  The Court went on to explain that the way an appellate record is usually structured—in a linear fashion of guilt or innocence—prevents meaningful appellate review of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 505.  An appellate court is handicapped in that its congressional mandate is one of hindsight whereas a trial "court may take testimony from witnesses for the defendant and the prosecution and from counsel alleged to have rendered the deficient performance." *Id.* at 505-06 (other citations omitted).  "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Seymour*, 38 F.3d 261, 263 (6th Cir. 1994) (quoting *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992)).  Thus, the Court finds Defendant has not procedurally defaulted his claim of ineffective assistance of counsel.

Defendant has procedurally defaulted on his claim that the Court violated Rule 32 to the extent Defendant alleges non-constitutional error.  Defendant argues Federal Rule of Criminal Procedure 32(i)(1)(A)[1] was violated because the Court failed to verify that Defendant had read and discussed the Presentence Investigation Report ("PSIR") and as a result, he was sentenced on inaccurate information.  The Supreme Court has held that a violation of Fed. R. Crim. P. 32 is "neither jurisdictional nor constitutional.  It is not a fundamental defect which inherently results in

---

[1]Before amendment in 2002, the pertinent section was found in Rule 32(c)(3)(A) as cited by Defendant.

a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996).  Further, the Supreme Court has held that collateral relief from a violation of Rule 32 is available "only when the defendant is prejudiced by the court's error." *Peguero v. United States*, 526 U.S. 23, 27-28 (1999). "Particularly where nonconstitional issues are at stake there is no basis for allowing collateral attack to do service for an appeal." *Grant*, 72 F.3d at 506.  Therefore, to the extent Defendant argues a non-constitutional error, his claim is procedurally barred where the violation did not amount to "a fundamental unfairness, or what amounts to a breakdown of the trial process." *Id.*, *quoting Reed v. Farley*, 512 U.S. 339, 355 (1994).

"[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant*, 72 F.3d at 506.  Therefore, Defendant's claim that his right to due process was violated because he was sentenced on incorrect information as a result of a Rule 32 violation is not procedurally defaulted and is addressed *infra*.

> B.     *Ineffective Assistance of Counsel*

Defendant argues his defense counsel was ineffective at sentencing for failing to object to the Court's assessment of his criminal history score after Defendant specifically instructed his attorney to do so.  Defendant contends that one firearm charge[2] and one driving under the influence

---

[2]Defendant claims that an acquaintance was carrying the firearm in question and he was acquitted of the charges relating to that firearm charge on January 7, 2000, after the acquaintance took responsibility for the firearm.

("DUI") charge[3] were incorrect and should not have been counted in the assessment. Defendant argues that without these charges in his assessment, his criminal history score would have been III, rather than IV, with a guideline range of 108 to 135 months.[4]

In order to prevail on a claim of ineffective assistance, a petitioner must show: (1) that his counsel made errors so egregious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 at 687. The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982).

Defendant's claim of ineffective assistance of counsel does not meet the *Strickland* two prong test. Defendant fails to meet the first prong because defense counsel's decision not to object to the criminal history assessment was reasonable under the prevailing norms. When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Id.* at 133-34. In this case, Defendant's PSIR documented Defendant's version of events as to the second firearm charge but also noted (as did Defendant in his Brief) that the charge

---

[3]Defendant argues the DUI charge of October 2, 1999, is the same DUI charge of January 2, 2000. Defendant contends he was pulled over in January on the bench warrant for the October DUI and no separate DUI resulted from that second traffic stop.

[4]The Court notes that Defendant's current sentence falls within this guideline range; however, the Court assumes that Defendant is arguing he would have received a sentence at the low end of the guideline range, and therefore has been prejudiced by the alleged attorney error.

resulted in "180 days credit for time served." (Def.'s Br. 6.)  Further, the second DUI charge is documented with separate ticket numbers, and the earlier conviction involved a count that the later one did not.[5]  Given these inconsistencies, defense counsel was reasonable in deciding not to pursue objections which would have likely been denied.  Therefore, Defendant's claim of ineffective counsel fails.

      C.      *Due Process Violation*

Defendant alleges his due process rights were violated when he was sentenced on incorrect information.  The Sixth Circuit has held that a defendant's due process rights include "the right to be sentenced on the basis of accurate information." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).  The Sixth Circuit stated that "a sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence.  The defendant must show, first, that the information before the sentencing court was false, and second, that the court relied on the false information in passing sentence." *Id*. (citations omitted).  It is also Defendant's burden to "raise grave doubt as to the veracity of the information" that he claims the court relied upon in sentencing.  *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993) (citation omitted).

In the instant action, Defendant fails to meet this burden.  Defendant only offers his own statements to prove that the DUI charges were one in the same and that he was acquitted of the second firearm charge.  However, his statements do nothing to explain why his two DUI charges have different ticket numbers and different factual circumstances surrounding the arrests.  Further,

---

[5]The Court notes Defendant's explanation of being arrested on a bench warrant for the earlier infractions does explain why all the traffic violations were resolved on the same day. However, the explanation does not explain the difference in ticket numbers, factual events and different counts at issue as detailed in the PSIR.

Defendant states that he was acquitted for the second firearm charge but also states, in contradiction, that he was sentenced to time served for that charge.  Therefore, Defendant cannot show that the information was false, and his due process claim fails.

        D.      *Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).  Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted.  *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted.  Accordingly, a certificate of appealability will be denied.

## IV.    CONCLUSION

Therefore, the Court will deny Defendant Pablo Reyes' Motion to Vacate, Set Aside, or Correct Sentence.  Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

                              /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:        RICHARD ALAN ENSLEN
       November 13, 2006         SENIOR UNITED STATES DISTRICT JUDGE